UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARIAN J. LEWIS,

       Plaintiff,                   CIVIL ACTION NO. 07-13877

       v.                          DISTRICT JUDGE NANCY G. EDMUNDS

COMMISSIONER OF              MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

*Introduction*

    This is an action for judicial review of the defendant's decision denying plaintiff's application for continued SSI benefits. Plaintiff received SSI benefits beginning in October, 1996, with an effective onset date of January, 1993. She was initially found eligible due to her drug and alcohol abuse. (Tr. 359) In October, 2002, the agency terminated her benefits finding that there had been medical improvement in her condition and she was able to engage in substantial gainful activity. 42 U.S.C. § 423(f). She contends that substantial evidence does not support that determination. For the reasons discussed in this Report, it is recommended that the plaintiff's motion be granted and the matter remanded to the agency for further proceedings.

    Plaintiff was born October 11, 1949. She alleged disability based on chronic pancreatitis, diabetes, degenerative joint disease, gouty arthritis of the feet, hands, and wrists, cataracts and

- 1 -

depression. Plaintiff requested reconsideration of the termination determination and she was given a hearing before an ALJ. On June 10, 2005, the ALJ found that plaintiff was not disabled as there was medical improvement related to her ability to work and issued an unfavorable decision. She was 55 years old on the date of the decision. The Appeals Council modified the holding and determined that plaintiff was not disabled because she could perform light work, including her past relevant work as a catering assistant as that job is generally performed in the national economy. (Tr. 5-10) Plaintiff seeks judicial review of that final decision alleging that it is not supported by substantial evidence and the ALJ applied an incorrect rule of the Medical-Vocational Guidelines (the Grid) in the analysis. (Brief 2) Defendant characterizes the issues raised by plaintiff as whether the ALJ made detailed findings about her residual functional capacity (RFC) and the physical and mental demands of her past relevant work as catering assistant.

*Procedural History and Findings*

Plaintiff underwent a continuing disability review on October 31, 2002. She denied a history of drug abuse and claimed that she ceased alcohol abuse three years earlier. She had a history of diabetes, pancreatitis due to alcohol abuse, and was obese. In addition, she had normal corrected visual acuity and adequate daily activities. On psychiatric review, she had minimal depression, was minimally motivated and dependent. It was noted that she had a tendency to exaggerate and there was a concern about malingering. She could relate appropriately to others, had no psychiatric diagnosis, and had no determinable mental impairment. She was assessed as

having the capacity for light work and her eligibility was terminated in December, 2002. (Tr. 25)

*Legal Standards*

Supplemental Security Income (SSI) is a federal cash assistance program for disabled, blind, and elderly individuals with very limited income and assets. 20 C.F.R. § 416.110. The implementation of the disability standards is essentially the same as for Title II benefits for wage earners.

   A.  *Disability Evaluation*

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proving that he is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

The Regulations provide seven specific steps for the ALJ to follow in reviewing the question of whether disability continues. 20 C.F.R. §416.994(h)(5). When the cessation of benefits is at issue, as here, the central question is whether the claimant's medical impairments

have improved to the point where she is able to perform substantial gainful activity. 42 U.S.C. § 423(f)(1). Improvement is measured from "the most recent favorable decision" that the claimant was disabled. 20 C.F.R. § 416.994(b)(1)(I). There is no presumption of continuing disability. *Cutlip v. Secretary of Health and Human Services,* 25 F.3d 284, 286-287 n. 1 (6th Cir. 1994). Instead, the Commissioner applies the procedures that are outlined in 20 C.F.R. §§ 404.1594 and 416.994 to determine whether a claimant's disability has ended and that she is now able to work. Benefits may be continued at any point if it is determined that the claimant is still unable to engage in substantial gainful activity.

1. Does claimant have an impairment or combination of impairments which meets or equals the severity of an impairment listed in Appendix 1, Subpart P of part 404 of chapter 994? If yes, disability continues.

2. Has there been medical improvement? If yes, go to step 3; if no, go to step 4.

3. Is the medical improvement related to the claimant's ability to work? In other words, has there been an increase in the residual functional capacity (RFC) based on the impairment(s) present at the time of the most recent favorable medical determination? If no, go to step 4; if yes, go to step 5.

4. If there has been no medical improvement, or if any improvement is not related to the ability to work, do exceptions to the medical improvement standard apply? If group two exceptions (§416.994(b)(4)) apply, disability has ended. If group one exceptions apply (§416.994(b)(3)) apply, go to step 5.

5. If medical improvement is shown to be related to the ability to work or group one exceptions apply, does the individual have an impairment or combination of impairments which is severe? If no, disability has ended. If yes, go to step 6.

6. If the claimant's impairment(s) is severe, what is the claimant's current ability to do substantial gainful activity? Can the individual do her past relevant work? If yes, disability has ended. If no, go to step 7.

7. Given the residual functional capacity assessment and considering claimant's age, education, and past work experience, can the claimant do other work [that exists in significant numbers in the economy]? If yes, disability has ended. If no, disability will be found to continue.

*B. Standard of Review*

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the agency's findings are supported by substantial evidence and whether the agency applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in Brainard, 889 F.3d at 681, that

"[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273. Where the Appeals Council has reversed or modified the opinion of the ALJ, the court is to determine whether the Appeals Council's decision is supported by substantial evidence regardless of whether the ALJ's decision is supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535 (6th Cir. 1986).

*Analysis*

The Appeals Council found that plaintiff was an individual closely approaching advanced age (she was 56), had a high school education, and no transferable skills. She retained the capacity for the performance of unskilled light work, including her past relevant work as it is generally performed. Thus, she was no longer eligible for SSI.

> *1. Does claimant have an impairment or combination of impairments which meets or equals the severity of an impairment listed in Appendix 1, Subpart P of part 404 of chapter 994? If yes, disability continues.*

The agency determined that plaintiff had chronic pancreatitis, diabetes, degenerative joint disease, gouty arthritis of the hands, feet, and writs, cataracts, and depression.

> *2. Has there been medical improvement? If yes, go to step 3; if no, go to step 4.*

The agency further found that there had been medical improvement in her condition and that her allegations regarding her limitations were not fully credible. She attended Sacred Heart

- 7 -

for treatment and was an inpatient for six months. She ceased alcohol use in 2001. Although she drank half a beer in January 2005, she considers the treatment successful and is not currently drinking alcohol or using drugs. There was not medical evidence of continuing problems with pancreatitis and no evidence of any end organ damage. Her diabetes is under control with medication. She has never been hospitalized for any psychological problems and is not receiving any psychological treatment. Her vision improved and she had no respiratory distress. She still treats with her primary physician Dr. Smith. The ALJ and the Appeals Council gave little weight to the opinion of Dr. Smith regarding her inability to work, because the medical records did not support his conclusions. There are multiple physical examination reports which reflect no abnormal findings of the musculoskeletal system. In addition, plaintiff's flares of gout appear controlled with medication and objective medical findings do not support the opinion of Dr. Smith.

> *3. Is the medical improvement related to the claimant's ability to work? In other words, has there been an increase in the residual functional capacity (RFC) based on the impairment(s) present at the time of the most recent favorable medical determination? If no, go to step 4; if yes, go to step 5.*
>
> *5. If medical improvement is shown to be related to the ability to work or group one exceptions apply, does the individual have an impairment or combination of impairments which is severe? If no, disability has ended. If yes, go to step 6.*
>
> *6. If the claimant's impairment(s) is severe, what is the claimant's current ability to do substantial gainful activity? Can the individual do her past relevant work? If yes, disability has ended. If no, go to step 7.*

The ALJ determined that the medical improvement was related to plaintiff's ability to work, that she still had severe impairments, but that she retained the RFC for a limited range of unskilled light work. She worked as a census taker for two months and did laundry for an

additional two months.  These were held to be unsuccessful work attempts and not substantial gainful activity.  The ALJ found that plaintiff could not perform her past relevant unskilled medium catering work as she described her work.  The Appeals Council noted that the vocational expert testified that the work of a catering assistant as it is generally performed in the national economy is performed at the light exertional level.  Thus, because plaintiff retained the ability to perform the past relevant work as it is generally performed in the national economy, she is not disabled and consideration need not be given to other jobs that she can perform.

> *7. Given the residual functional capacity assessment and considering claimant's age, education, and past work experience, can the claimant do other work [that exists in significant numbers in the economy]?  If yes, disability has ended.  If no, disability will be found to continue.*

This step was considered by the ALJ but not by the Appeals Council because it found that plaintiff could do her past relevant work.  Plaintiff was 56 with a high school education and some college and no transferable skills from any past work. The ALJ found that she had moderate restrictions in maintaining social functioning and moderate difficulties in maintaining concentration, persistence, and pace.  She was not able to perform the full range of light work.  If she were, the agency noted, then the Grid would direct a conclusion of "not disabled."  (Rule 202.13)[1]  The vocational expert identified food preparation jobs at the light exertional level (18,000 statewide; 9000 regionally) that a person such as plaintiff could perform and to which

---

[1]Plaintiff objects to this, noting that under the Regulations a person of age 55 is classified as "advanced age"–not "closely approaching."  Plaintiff turned 55 eight months before the ALJ's opinion.  For such a person, the correct Medical-Vocational Rule is 202.04, not 202.13.  See, 20 C.F.R. Part 404, Subpart P, App 2, Table 2.  Application of that rule would result in a finding that plaintiff is disabled.

- 9 -

she could make a successful vocational adjustment. The Appeals Council found that it was not necessary to reach this step because plaintiff could perform her past relevant work. As a result, her argument that the wrong rule was applied becomes moot since the decision is made at an earlier step in the analysis.

> *A remand is necessary to determine the physical or mental demands of the catering assistant position.*

Plaintiff testified that the only job she held for more than two months in the previous 15 years was a catering assistant. This required her to prepare salads, carve meat, and lift objects such as watermelons that weighed up to 25 pounds. (Tr. 357) The vocational expert indicated that this would be medium work (lifting more than 20 pounds occasionally) as plaintiff described it, but that "typically . . catering assistant . . would be characterized as a light [unskilled] occupation." (Tr. 362) Food preparation jobs at the light level include those in catering and restaurants. These also required the ability to stand and/or walk six hours out of an 8 hour day. If plaintiff were restricted from such standing or walking due to pain from the pancreatitis and/or gout, or had severe anxiety or depression, as she testified, she would not be able to do those jobs. Plaintiff has established that she has degenerative joint disease and gouty arthritis of the hands, wrists, and feet. While the Appeals Council found otherwise, no discussion was had regarding the need to use her hands to do the work identified, to reach, handle, bend, stoop, crouch, or her ability to stand or walk six of 8 hours.

In addition, the ALJ found that plaintiff had moderate restrictions in maintaining social functioning and moderate difficulties in maintaining concentration, persistence, and pace. No

discussion was had regarding the effect this finding would have on the ability to perform her past relevant work. Plaintiff must prove that she was unable to perform her past relevant work and that she is unable to return to her former type of work. SSR 82-61; *Bowen v. Yuckert,* 482 U.S. 137, 146, n. 5, 148, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *Studaway v. Sec'y of Health & Human Servs.,* 815 F.2d 1074, 1076 (6th Cir.1987). Nevertheless, the burden is on the agency to make specific findings regarding physical and mental demands of a claimant's past work. See, 20 C.F.R. § 416.920(e), *Ingram v. Charter*, 107 F.3d 598, 604 (8th Cir. 1997). That was not done in this case. The ALJ and/or the Appeals Council was required to set forth specifically her limitations and to determine how those limitations affected her residual functional capacity. *See Ingram v. Chater,* 107 F.3d 598, 604 (8th Cir. 1997). "Residual functional capacity" is what the claimant is able to do despite limitations caused by all of the claimant's impairments. *See* 20 C.F.R. § 404.1545(a). The agency also was required to make "explicit findings" regarding the physical and mental demands of plaintiff's past work, and to compare those demands with her residual functional capacity to determine whether she could perform the relevant duties. *See Ingram,* 107 F.3d at 604. Because the agency failed to make the necessary comparison, substantial evidence does not support the decision. *See id.*

*Nature of Remand*

Having found that substantial evidence does not support the Commissioner's decision in this case, we must then determine the nature of the remand. Plaintiff recognizes that the Court can reverse a decision of the Commissioner and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to

benefits. *Faucher v. Secretary,* 17 F.3d 171, 176 (6th Cir.1994); *Abbott v. Sullivan,* 905 F.2d 918, 927 (6th Cir.1990). A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking. *Mowery v. Heckler,* 771 F.2d 966, 973 (6th Cir. 1985). On the other hand, 42 U.S.C. § 405(g) gives the court the power to remand for a rehearing, and the court is obliged to do so if all essential factual issues have not yet been resolved. *Newkirk v. Shalala,* 25 F.3d 316, 318 (6th Cir. 1994). Because essential factual issues remain to be resolved, the matter is remanded to the Commissioner for a determination of whether, given plaintiff's medical improvement, she can return to the duties of her past relevant work. If it is necessary to apply the Medical Vocational guidelines as a directive or as a framework, the Commissioner is directed to apply the proper guideline–that for a person of advanced age.

*Conclusion*

There is not a showing that substantial evidence supports the determination that plaintiff can perform her past relevant work. Therefore, it is recommended that the matter be remanded to the Commissioner for further proceedings consistent with this holding. Thus, plaintiff's motion for summary judgment should be granted to the extent that it seeks remand for further proceedings. The defendant's motion should be denied and the decision terminating disability benefits should be reversed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                s/Virginia M. Morgan
                                                Virginia M. Morgan
                                                United States Magistrate Judge

Dated: June 6, 2008

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on June 6, 2008.

                                                s/Jane Johnson
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan